**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DARWIN DANILO P. A.,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND CUSTOMS ENFORCEMENT; ICE FIELD OFFICE DIRECTOR, MINNESOTA; and WARDEN OF THE DETENTION FACILITY,

Respondents.

Case No. 26-cv-554 (LMP/DTS)

**ORDER DENYING HABEAS PETITION AS MOOT**

---

Darwin Danilo P. A., pro se.

J. Cruz Rodriguez, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Darwin Danilo P. A. is a citizen of Ecuador who was detained by immigration officials on or around January 20, 2026. ECF No. 1 at 2. Darwin Danilo P. A. subsequently filed a petition for a writ of habeas corpus, alleging that his detention "violate[d] procedural and substantive due process guarantees," was "punitive," and interfered with his ability to pursue his pending asylum application. *Id.* at 3. The Court ordered Respondents (the "Government") to respond to the petition no later than February 27, 2026, with any reply by Darwin Danilo P. A. due by March 3, 2026. ECF No. 5. The Government timely responded, arguing that Darwin Danilo P. A.'s petition is moot because he accepted voluntary departure from the United States and agreed to "remain[] detained" until his departure from the United States. ECF No. 7; ECF No. 7-1

at 3 ("I acknowledge that I will remain detained in [Department of Homeland Security's] custody pending departure."). Darwin Danilo P. A. has not filed a reply to the Government's response.

Article III restricts federal courts "to the resolution of cases and controversies." *Davis v. FEC*, 554 U.S. 724, 732 (2008). "To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at 732–33 (citation omitted) (internal quotation marks omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted) (internal quotation marks omitted).

Here, while the petition seeks Darwin Danilo P. A.'s "immediate release" from immigration detention, ECF No. 1 at 4, Darwin Danilo P. A. later agreed to voluntary departure and consented to remain detained until he departed the United States, ECF No. 7-1 at 3. Darwin Danilo P. A. does not explain how his requested relief remains "live" given his agreement to remain detained until his departure from the United States. Because Darwin Danilo P. A. has agreed to his continued detention until his departure from the United States, he lacks a "legally cognizable interest in the outcome" of the petition. *Already, LLC*, 568 U.S. at 91; *see Banchon ex rel. Avila Duchi v. Francis*, No. 25-cv-8162 (JGK), 2026 WL 63717, at *2 (S.D.N.Y. Jan. 8, 2026) (finding petition moot under similar circumstances). The Court therefore denies the petition as moot.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Darwin Danilo P. A.'s Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED as moot**. This action is **DISMISSED WITHOUT PREJUDICE**.

Dated: March 4, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge